of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**Ben Lin ZHOU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 04–5408–AG NAC.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Gang Zhou, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Harold B. McDonough, Jr. and William L. Deneke, Assistant United States Attorneys, Nashville, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ben Lin Shou, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386

F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Specific and cogent reasons support the IJ's adverse credibility determination. Zhou's fear of sterilization was undermined by his wife's returning home without being forced to undergo sterilization. Zhou explained that his wife was not sterilized because he was in the United States. The IJ reasonably rejected this explanation because Zhou's wife was forced to have an IUD inserted, which indicates that his absence did not obviate the risk of pregnancy in the view of the authorities. Because no reasonable fact-finder would be compelled to accept Zhou's explanations, the IJ's finding that this testimony was implausible is supported by substantial evidence. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (citing *Zhou Yun Zhang,* 386 F.3d at 76).

Finally, because Zhou failed to raise the issue of CAT relief in his brief before this Court, this issue has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).